IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER L. PASCHALL;
MARY PASCHALL, and A. & B.
PASCHALL, Minor Children                                                          PLAINTIFF

     v.     Civil No. 5:22-cv-05043

JUDGE ELIZABETH STOREY-BRYAN,
Washington County Circuit Court, Probate
Division; ATTORNEY HADLEY HINDMARSH;
ATTORNEY KRISTIN PAWLIK; ATTORNEY
JEANNE RANDALL; CRYSTAL PASCHALL; and
JEREMY PASCHALL                                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

  Plaintiff, Christopher L. Paschall ("Paschall"), currently an inmate of the South-Central Correctional Center in Licking, Missouri, filed this civil rights action under 42 U.S.C. § 1983. Paschall proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

  The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

  **I.**  **BACKGROUND**

  According to the allegations of the Complaint (ECF No. 1), this case concerns the custody of Paschall's minor children, A. and B. *Id.* at 5. All named Defendants were involved in the

custody determinations made by the Washington County Circuit Court, Probate Division, *In the Matter of the Guardianship of B.C. Paschall and A.A. Paschall,* Case No. PR 2015-65-5.[1] During the course of the guardianship proceedings, Paschall alleges his Fifth, Eighth, and Fourteenth Amendment rights were violated. *Id.* at 2. He maintains Defendants engaged in discrimination, a civil conspiracy, defamation, intentional misrepresentation, running a scam, and committing fraud upon the elderly. *Id.* He also seeks to transfer the probate case to this Court and to appeal the rulings of the probate court. *Id.* at 5. Paschall maintains he did not receive proper notice of the probate proceedings and asks that guardianship of his minor children be returned to John and Mary Paschall.

With respect to Attorney Pawlik, Paschall says she failed to disclose the close ties she had with Defendants, provided ineffective assistance of counsel, and committed fraud against the elderly. (ECF No. 1 at 1). With respect to Attorney Randall, Paschall says she prolonged the proceedings, wasted valuable time, ran a scam, and committed fraud against the elderly. *Id.* On or about April 24, 2015, Paschall says Washington County Clerk Craig Williams failed to file a document of Paschall's entitled Motion to Withdraw/Revoke the previously executed waiver and consent. *Id.* at 2. Paschall alleges Judge Bryan allowed a member of her family to represent Crystal and Jeremy Paschall, which was highly prejudicial and constituted a conflict of interest. *Id.* Paschall maintains Crystal and Jeremy Paschall unlawfully obtained monies and property of the minor children. *Id.*

Review of the probate file indicates that John and Mary Paschall, the paternal grandparents,

---

[1] The docket sheet is available at the Arkansas Courts case information website: https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=72PR-15-65&begin_date=&end_date= (accessed March 22, 2022). The Court may take judicial notice of public records. *Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007).

2

applied for guardianship of the minor children on January 26, 2015. On February 3, 2015, a document entitled "waiver and consent" and signed by Paschall was filed with the Court. In the document, Paschall waived his time to answer and the formal statutory notice requirements for all proceedings. He also consented to the Court appointing John and Mary Paschall as guardians of the minor children. *See also* (ECF No. 1 at 6). Temporary guardianship was awarded to John and Mary Paschall on February 3, 2015.

On February 11, 2015, Amber Trammell, a maternal aunt, and Cathy Townsend, the material grandmother, filed a motion to intervene and to set aside the temporary guardianship. They alleged that John and Mary Paschall had failed to inform the court that the 39th Judicial Circuit Court of Barry County, Missouri, had entered a permanent guardianship order in their favor in case numbers 15BR-PR-00005 and 15BR-PR-00003.

According to Paschall, on April 24, 2015, he filed a motion to withdraw or revoke his waiver and consent and asked to be notified of any proceedings involving his minor children. (ECF No. 1 at 6). The docket sheet indicates Paschall filed a pleading that day entitled Motion to Terminate Supervised Visitation, Petition for Restraining Order, Motion for Full Custody, and Motion to Dismiss the Filing for Co-Guardianship of Cathy Townsend, Amber Trammell, and Justin Trammell. The Court notes, however, that the motion itself is illegible.

On December 16, 2016, the Honorable Judge Beth Bryan entered a final order in PR 2015-65-5. Guardianship was granted to John and Mary Paschall. Amber Trammell, a maternal aunt, was awarded visitation rights. Visitation rights were also awarded to Jeremy Paschall, a paternal uncle. Phone visitation was granted to Sydney, the minors' older sister. The final order provided that "until the counselor advises otherwise, there shall be no in-person or telephone

communications between the father, Chris Paschall, and the minor children at any time." Further, the parties were to ensure that "no third party discusses the circumstances of the children's mother's death or their father's incarceration with the minor children at any time."

On September 14, 2016, Attorney Handle M. Hindmarsh, the attorney *ad litem* for the minor children, filed a motion for emergency substitution of guardians. The motion was based on a series of forty telephone recordings which included instances when Mary Paschall allowed Chris Paschall to speak with the minor children. It alleged Paschall was exerting a substantial and highly concerning level of control over Mary Paschall's actions concerning the minor children including their counseling and working on his criminal case (Paschall was awaiting trial on allegations he shot and killed the children's mother and maternal great-grandfather on January 6, 2015). Hindmarsh asked that the children's paternal uncle and aunt, Jeremy and Crystal Paschall, be awarded guardianship. On September 21, 2016, temporary guardianship was awarded to Jeremy and Crystal Paschall. On January 31, 2017, a final order was entered awarding Jeremy and Crystal Paschall permanent guardianship on the minor children. Paschall appealed the final order of guardianship and the Arkansas Court of Appeals affirmed the judgment of the Washington County Circuit Court, Probate Division, on November 19, 2018.

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

4

*v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

At the onset, the Court notes that Paschall is not an attorney and proceeds *pro se*. It is well settled that a *pro se* party may not represent others, even when the *pro se* Plaintiff is a parent purporting to represent his minor children. *Crozier for A.C. v. Westside Community School Dist.*, 973 F.3d 882, 887 (8th Cir. 2020).[2] This rule applies to lawsuits based on "§ 1983 or general state tort law." *Id.* (cleaned up). Thus, Paschall may not represent his mother, Mary Paschall, or his minor children, A. & B. Paschall, in this action.

Another threshold issue is whether Paschall's claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Wilson v. Garcia*, 471 U.S. 261, 268 (1985). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3). *See Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1044 (8th Cir. 2014). It is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action. *Wallace v. Kato,* 549 U.S. 384, 388

---

[2] An exception to this rule (which is inapplicable here) is that parents are allowed to litigate *pro se* if their minor children are denied social security benefits. *Crozier,* 973 F.3d at 887.

(2007) (cleaned up); *see also Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) ("accrual occurs when the plaintiff can file suit and obtain relief").

Paschall's case was not filed until March 9, 2022, and therefore, any claims arising before March 9, 2019, would be barred by the statute of limitations. Judge Bryan's final order of permanent guardianship was entered on January 31, 2017, and the mandate affirming the Washington County Circuit Court, Probate Division's order and denying Paschall's appeal was entered on November 19, 2018. Thus, Paschall's claims are barred by the statute of limitations.

## IV.  CONCLUSION

For these reasons, it is recommended that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted;

(2)  Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3)  the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of March 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE